UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-5

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-1732-JST (MLGx)            Date: October 22, 2012

Title: Nazie Azam v. Bank of America, N.A., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

       Not present                        Not present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION (Doc. 17)**

      Before the Court is an *Ex Parte* Application to Vacate the October 11, 2012 Order, or For Reconsideration, New Trial, and/or to Alter, or Amend; Alternatively *Ex Parte* Application for Stay and Injunction Pending Appeal No. 12-56848 filed by Plaintiff Nazie Azam. (Appl., Doc. 17.) Plaintiff seeks to have the Court reconsider its Order of October 11, 2012, ("Order") which denied Plaintiff's *ex parte* application for a temporary restraining order ("TRO") and dismissed the complaint. (Order, Doc. 10.) Plaintiff seeks this relief pursuant to, *inter alia*, Federal Rule of Civil Procedure 60(b). (Appl. at 4.) While Plaintiff filed a Notice of Appeal on October 11, 2012, this Court has jurisdiction to rule on a timely filed motion for reconsideration under Rule 60(b). *See Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061 (2002); Fed. R. App. Pro. 4(a)(4)(A).

      To the extent Plaintiff seeks reconsideration of that portion of the Order denying the TRO, the Court DENIES the application for reconsideration. Plaintiff has failed to demonstrate a likelihood of prevailing on the merits or the existence of "serious questions going to the merits." *Jones v. H.S.B.C.*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) ("The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction . . . ."). First, it is not clear that the subject property is not still under the jurisdiction of the bankruptcy court. Plaintiff's *ex parte* application alleges merely that "plaintiff and the trustee had *agreed* to dismissal of the bankruptcy." (Appl. at 5 (emphasis added).) Thus, Plaintiff has not even alleged that the bankruptcy action has been dismissed. As the Court noted in its Order, the bankruptcy court would have exclusive jurisdiction over the property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 12-1732-JST (MLGx) | Date:  October 22, 2012 |
| Title:  Nazie Azam v. Bank of America, N.A., et al. | |

Even if the property is not under the jurisdiction of the bankruptcy court, this Court lacks subject-matter jurisdiction to issue the injunctive relief sought.  While Plaintiff has not clearly presented the procedural posture of the unlawful-detainer action in her papers, to the extent the Superior Court has issued a final judgment in the proceeding, Plaintiff's application would constitute a forbidden "*de facto* appeal from a state court judgment."  *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).  If the unlawful-detainer action is still ongoing, this Court is compelled to abstain from interference with the state unlawful-detainer action under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).  *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009) (abstaining from state unlawful-detainer action).  Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining the writ of execution.  Under the Anti-Injunction Act, a federal court is "barred from enjoining or staying proceedings in state court."  *Scherbenske*, 626 F. Supp. 2d at 1058.  "The statute is interpreted broadly and includes injunctions directed at the parties rather than the state court itself."  *Id.*  There are three statutory exceptions to the Act: (1) injunctions expressly authorized by act of Congress, (2) injunctions necessary to effectuate the judgment of a federal court, and (3) injunctions necessary in aid of the court's jurisdiction.  *Id.* (citing 28 U.S.C. § 2283).  None of these exceptions applies.  Thus, under well-established principles, whether the unlawful-detainer action is ongoing or not, the Court cannot enjoin the writ of execution.

The Court GRANTS the Application as to the dismissal of the complaint.  The dismissal of the Complaint was in error, so the Application "justifies relief" to that extent.  Fed. R. Civ. P. 60(b)(6).

For the foregoing reasons, the Application is GRANTED IN PART and DENIED IN PART.  The Court hereby REOPENS this case and reinstates Plaintiff's Complaint.

Initials of Preparer:  enm