NINA R. RINGGOLD, ESQ. (SBN (CA) 133735)
LAW OFFICE OF NINA R. RINGGOLD
9420 Reseda Blvd. #361
Northridge, CA  91324
Telephone: (818) 773-2409
Facsimile: (866) 340-4312
Email:  nrringgold@aol.com
Attorney for Plaintiff Nazie Azam

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZIE AZAM,<br><br>          Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; BANK OF AMERICA, NATIONAL ASSOCIATION as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust; et al<br><br>          Defendants. | Case No.:  SACV12-01732 JST (MLGx)<br><br>PLAINTIFF'S EX PARTE APPLICATION FOR MODIFICATION OF HEARING DATES; DECLARATION OF NINA RINGGOLD<br><br>Submission Date: 5.19.14<br>Judge Josephine L. Staton |

NOTICE IS HEREBY GIVEN TO THIS COURT AND COUNSEL OF RECORD:

Counsel for plaintiff Nazie Azam hereby submits this ex parte application requesting a modification of the hearing dates currently on calendar for June 6, 2014.  Counsel requests that the hearing be continued to June 27, 2014 or the next available date available to the court.  The brief continuance is requested due to medical circumstances impacting the parent of counsel.  Counsel circulated a proposed stipulation.  No objection to this ex parte application has been received.

On May 19, 2014 notice was given of this ex parte application.  (Decl. Bates Stamp No. "BS" 7).

This ex parte application is based on this application and supporting memorandum of points and authorities and declaration of Nina Ringgold, Esq.

Dated:  May 19, 2014                    Respectfully submitted,

LAW OFFICE OF NINA RINGGOLD

By:  s/  Nina Ringgold, Esq.

Nina Ringgold, Esq.
Attorney for the plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Counsel for plaintiff Nazie Azam is requesting that the hearings set for June 6, 2014 be continued to the next available date for the court.  The stipulation circulated included the date of June 27, 2014.  Counsel needs a brief modification to significant medical circumstances impacting her parent.  Pursuant to L.R. 7-11 a continuance of the hearing automatically modifies the briefing schedule.

## II.   STATEMENT OF FACTS

Defendant Bank of America, National Association ("BANA") filed a post appeal notice of renewal of its motion to dismiss and to strike.  It set the hearing for July 11, 2014. (Dkt 53).

On March 12, 2014 Ms. Azam filed a motion in the Ninth Circuit which, in part, requests that the Ninth Circuit enjoin the removal of any lis pendens from the property filed by Ms. Azam during the pending appeals.  (Appeal No. 13-55729). The Ninth Circuit has not ruled on this motion.  After Ms. Azam's motion was filed, on April 26, 2014 Bank of America National Association as Trustee, as successor by merger to LaSalle Trustee, as successor by merger to LaSalle Bank National Association as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR Trust ("WAMU Trust (BANA)") filed a motion to expunge lis pendens and set this matter for hearing on June 6, 2014 although a motion is pending in the Ninth Circuit.  (Dkt 56).

There is a bankruptcy proceeding which is open, with pending appeals, WAMU Trust (BANA) its motion regarding lis pendens in the quiet title action in the Bankruptcy Court proceedings. (Case No. 13-bk-14339-TA).

On May 8, 2014 BANA revised the hearing date on its motion to dismiss. The revised date changed the hearing date July 11, 2014 to June 6, 2014. (Dkt 58).

On May 8, 2014 WAMU Trust (BANA) filed a post appeal notice of renewal of its motion to strike and to dismiss and set it for hearing on June 6, 2014. (Dkt 60).

On May 12, 2014 Azam filed opening briefs in bankruptcy appeals in the United States Court of Appeals for the Ninth Circuit.

In May 2014 counsel's parent developed significant impairments to her vision. She is partially blind. The condition has reached an urgent level and counsel needs a brief period to deal with urgent medical matters. (Decl. of Ringgold).

On May 19, 2014 counsel circulated a proposed stipulation and contacted each counsel personally by telephone to request a modification of the hearing date. The meet and confer requested that the date be advanced from June 6, 2014 to June 27, 2014. It also indicated a modification to June 20, 2014 or the next and earliest date available to the court.

There is no prejudice because there is an open bankruptcy in which there are pending appeals which directly involve the property, the status of the bankruptcy (and the property relating to the bankruptcy, the status of the judgment or orders claimed to be at issue in the pending motions filed in this case, and other related

matters. Also, there is no prejudice to defendant BANA because it initially noticed its motion for July 11, 2011.  Additionally, there is no prejudice to WAMU Trust (BANA) because the first filed motion concerning the lis pendens was filed in the Ninth Circuit.  The Ninth Circuit has jurisdiction over this issue.  Also, WAMU Trust (BANA), the only securitized trust served the summons and complaint in this case, and named as a party, is not the trustee of the WAMU Trust and any other entity or securitized trust claiming party status has not filed a proper motion for substitution or to intervene.

## III.    LEGAL DISCUSSION

### A.   Plaintiff Has Shown Good Cause And Extraordinary Circumstances For The Requested Short Extension

Ex parte applications are solely for extraordinary relief and should be used with discretion.  See <u>Mission Power Engineering Co. v. Continental Casualty</u>, 883 F. Supp. 488 (C.D.Cal. 1995).  Here, such conditions exist.  Counsel's mother, who is partially blind, is having a substantial medical emergency relating to her vision. The matter was not anticipated.  It is critical that counsel have a brief continuance to deal with circumstance.  (See Decl. of Ringgold).

**V.     CONCLUSION**

For the foregoing reasons, it is respectfully requested that this court grant the relief requested by this ex parte application

Dated:  May 19, 2014                    Respectfully submitted,

LAW OFFICE OF NINA RINGGOLD

By:  s/  Nina Ringgold, Esq.

Nina Ringgold, Esq.
Attorney for the Plaintiff

## DECLARATION OF NINA RINGGOLD

1.      I am the attorney of record for plaintiffs in this action.  If called as a witness I could and would competently testify to the matters stated herein.

2.      The name, address, and telephone number and email address of counsel for the opposing counsel are as follows:

Bryan A. Gless, and David Piper, Kessal Young & Logan, 400 Oceangate, Long Beach, CA  90802, Tel. 562-436-2000, Fax. 562-436-7416, bryan.gless@kylcom, david.piper@kyl.com, Attorney for Bank of America National Association as Trustee, as successor by merger to LaSalle Trustee, as successor by merger to LaSalle Bank National Association as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR Trust

Jeff Rasmussen, Akerman LLP, 725 South Figueroa Street, 38 Floor, Los Angeles, CA  90017, Tel. 801-907-6900, Fax: 801-355-0294, Jeffrey.rasmussen@akerman.com

3.      Attached to this Declaration are true and correct copies of the following Exhibits:

Exhibit(s)

1. **Dated:  May 19, 2013 at 7:22 a.m..**  Email to opposing counsel with proposed stipulation (Bates Stamp No. 1-4)

2. **Dated:  May 19, 2013 at 11:29 a.m..**  Email to opposing counsel to follow up on proposed stipulation, request

whether opposition to stipulation or if opposition to ex parte application, and notice of ex parte application (BS 5)

3. **Dated:  May 19 2013 at 12:58 p.m..**  Email to opposing counsel and proposed stipulation addition co-counsel from office of Keesal, Young, & Logan (BS 6)

4. **Dated:  May 19, 2013 at 1:26 p.m.**  Email to opposing counsel  and possible counsel of ex parte application Bryan Gless, Jefferey Rasmussen, David Piper, and Maria-Nicolle Beringer (docket indicates as terminated) (BS 7)

5. **Dated:  May 19, 2013 at 1:26 p.m.**  return email for Maria-Nicolle Beringer (BS 8)

4.   I received no objection to the ex parte application from defendants.

5.   My mother is having a serious medical problem relating to her vision. She is partially blind.  I need to assist her at a time there is a urgent need to meet with various physicians and health care providers to determine if there is a way to avoid surgery.  It is extremely important that I be involved in the activities for assistance and support in this extremely stressful time.

6.   The urgency of the matter could not be anticipated and in mid-May this circumstance impacted my family in a substantial way.

7.   During the previous week there were several briefs due in an appeal related to this case. I was dealing with the rising emergency and completing this briefing.  This is the reason this application could not be filed earlier.

2

8.     The medical urgency and this significant conflict, hampered my ability to complete the opposition.  This requires me to request brief continuance.

9.     Defendants are not prejudice by this application for many reasons, including but not limited to the following:

a.     Prior to the motion to expunge the lis pendens in this case, Nazie Azam had already filed a motion to enjoin the removal of the lis pendens in the United States Court of Appeals for the Ninth Circuit.  The Ninth Circuit has not ruled on this motion.  A lis pendens it to remain in place during pendency of a quiet title action or action pertaining to real property.  The motion filed is in direct conflict with matters pending in the Ninth Circuit.

b.     There is an opening bankruptcy case with pending appeals.  The appeals directly relate to the property of the bankruptcy estate including the property at issue in the pending motions.

c.   The motion of Bank of America, National Association was initially noticed for July 11, 2013 and there was no particular urgency which arose to modify the date.

d.     WAMU Trust (BANA), the only securitized trust served the summons and complaint in this case, is not the trustee of the WAMU Trust and any other entity or securitized trust claiming party status has not filed a proper motion for substitution or to intervene.

.     10.     At 7:22 a.m. on May 19, 2014 I wrote to opposing counsel and provided

3

them with a proposed stipulation in word format.  I requested a modification of the date from June 6, 2014 to June 27, 2013.  I also indicated that if this was not agreeable that I would be available other dates following June 6, 2014.  I indicated that most of Fridays looked clear and requested that defendants propose a date in accord with their calendar.  (BS 1-4).

11.  Following the first email, later in the morning, a personally called Bryan Gless and Jeffrey Rasmussen.  They were unavailable.

12.  At 11:29 a.m. on May 19, 2014  May 19, 2014 my assistant follow up on my email and proposed stipulation and requested to know if defendants were declining to sign the stipulation or would be opposing the ex parte application. She also provided notice of the ex parte application. (BS 5).

13. At 12:58 p.m. on May 19, 2014 I forwarded the proposed stipulation to co-counsel for Bryan Gless.  (BS 6).

14.    At 1:26 p.m. on May 19, 2014 my assistant provided a further notice of the ex parte application and served all counsel appearing on the docket. (BS 7).  The email was returned for Maria-Nicolle-Beringer.  This person is listed as an attorney terminated from the case.  However, the email was sent just in case she had not been terminated

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 19, 2014.

4

s/  Nina Ringgold, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| Subj: | **Proposed Stipulation in BofA v. Azam 12-cv-1732** |
| Date: | 5/19/2014 7:22:07 A.M. Pacific Daylight Time |
| From: | Nrringgold@aol.com |
| To: | bryan.gless@kyl.com, jeffrey.rasmussen@akerman.com |

Dear Counsel:

This email is to request your cooperation in briefly modifying the hearing date on the pending motions now set for June 6, 2014.  My mother is having a serious medical problem and potentially could lose her vision.  We have been urgently seeing physicians to avoid surgery.  I would like a brief continuance by modifying the date from June 6, 2014 to June 27, 2014.  This is a short extension and I hope you will graciously agree.

This was not expected and causing great concern.  I have attached a proposed stipulation.  The stipulation indicates that counsel prefer the June 27, 2014 date but ask the court for the next available date.  I could possibly work with June 20, 2014 but currently believe the June 27, 2014 date is the best.  If you confer and believe a different date after June 6, 2014 is more suitable, please let me know.  My fridays at 2:30 p.m. fairly look good.  If you select a different date, just modified the proposed document in and send the stipulation back.

Please let me know early in the day so I can prepare an application for approval of the stipulation and leave to handle the matters at hand.  Please return the executed stipulation by email.  The application will merely state the parties have met and conferred and the circumstance surrounding the request.  I have provided you with a word version of the proposed stipulation so modifications can be made.

Again, I would prefer not to make this a contested matter and hope we can swiftly agree so I can focus on this circumstance.

Thank you,

Nina Ringgold

0001

NINA R. RINGGOLD, ESQ. (SBN (CA) 133735)
LAW OFFICE OF NINA R. RINGGOLD
9420 Reseda Blvd. #361
Northridge, CA 91324
Telephone: (818) 773-2409
Facsimile: (866) 340-4312
Email: nrringgold@aol.com
Attorney for Plaintiff Nazie Azam

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZIE AZAM,<br><br>                    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; BANK OF AMERICA, NATIONAL ASSOCIATION as successor by merger to LaSalle Bank NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust; LASALLE BANK FINANCIAL SERVICES, INC. previously dba in California as ABN AMRO CAPITAL MARKETS; LASALLE BANK NA as trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust; JPMORGAN CHASE BANK N.A.; JPMORGAN CHASE BANK, N.A. as successor in interest to Washington Mutual Bank or assets thereof; WASHINGTON MUTUAL BANK FA; WASHINGTON MUTUAL BANK; CALIFORNIA RECONVEYANCE COMPANY; HUEY-JEN CHIU; LOREN LOPEZ; COLLEEN IRBY, DEBORAH BRIGNAC; KARIME ARIAS; FRED RESTREPO; and DOES 1-100.<br><br>                    Defendants. | Case No.:<br><br>STIPULATION AMONG PARTIES TO MODIFY HEARING DATE |

1

0002

1
2
3          After meeting and conferring the undersigned counsel hereby agree to modify the
4  hearing date of the following motions to the next available hearing date with the
5  preference counsel being June 27, 2014.
6
7  Hearing date to modified for the following motions:
8
9      Bank of America National Association as Trustee, as successor by merger to
10     LaSalle Trustee, as successor by merger to LaSalle Bank National Association
11     as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR
12     Trust's Motion to Expunge Lis Pendens- Set for hearing on June 6, 2014 (Dkt
13     56)
14
15     Bank of America, National Association's Motion to Dismiss and Motion to
16     Strike. (Dkt No. 58) –Set for hearing on June 6, 2014 (initially set for hearing
       on July 11, 2014 (Dkt 53))
17
18     Bank of America National Association as Trustee, as successor by merger to
19     LaSalle Trustee, as successor by merger to LaSalle Bank National Association
20     as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR
       Trust's Motion to Strike and Dismiss - Set for hearing on June 6, 2014 (Dkt 60)
21
22  Briefing on the motions shall be adjusted in accord with the new hearing date.
23
24
25
26
27
28
                                                                        0003

**SO STIPULATED AMONG:**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated: _____

_____
Attorney for the Plaintiff, *Nina Ringgold, Esq.*

Dated:_____

_____
Attorney for Bank of America National Association,
*Jeffrey Rasmussen , Esq.*

Dated:_____

_____
Attorney for Bank of America National Association
as Trustee, as successor by merger to LaSalle
Trustee, as successor by merger to LaSalle Bank
National Association as Trustee for WaMu
Mortgage Pass-Through Certificates Series 2006-AR
Trust, *Bryan Gless, Esq.*

0004

3

| | |
|---|---|
| Subj: | **Fwd: Proposed Stipulation in BofA v. Azam 12-cv-1732** |
| Date: | 5/19/2014 11:29:30 A.M. Pacific Daylight Time |
| From: | CLopez9999@aol.com |
| To: | bryan.gless@kyl.com, jeffrey.rasmussen@akerman.com |

Dear Counsel:

I was advised that Ms. Ringgold attempted to follow up with the proposed stipulation indicated below by contacting each of you by telephone. This is to advise that your responses to the proposed stipulation should be sent to her email address. (nrringgold@aol.com).

The office will file an ex parte application to modify the hearing dates indicated in the stipulation. Please advise if you are declining to sign the stipulation and will be opposing the ex parte application. You are notified after service of the ex parte application you will have twenty four hours to file opposition to the ex parte application.

C. Lopez

---

From: Nrringgold@aol.com
To: clopez9999@aol.com
Sent: 5/19/2014 11:17:22 A.M. Pacific Daylight Time
Subj: Fwd: Proposed Stipulation in BofA v. Azam 12-cv-1732

---

From: Nrringgold@aol.com
To: bryan.gless@kyl.com, jeffrey.rasmussen@akerman.com
Sent: 5/19/2014 7:22:07 A.M. Pacific Daylight Time
Subj: Proposed Stipulation in BofA v. Azam 12-cv-1732

Dear Counsel:

This email is to request your cooperation in briefly modifying the hearing date on the pending motions now set for June 6, 2014. My mother is having a serious medical problem and potentially could lose her vision. We have been urgently seeing physicians to avoid surgery. I would like a brief continuance by modifying the date from June 6, 2014 to June 27, 2014. This is a short extension and I hope you will graciously agree.

This was not expected and causing great concern. I have attached a proposed stipulation. The stipulation indicates that counsel prefer the June 27, 2014 date but ask the court for the next available date. I could possibly work with June 20, 2014 but currently believe the June 27, 2014 date is the best. If you confer and believe a different date after June 6, 2014 is more suitable, please let me know. My fridays at 2:30 p.m. fairly look good. If you select a different date, just modified the proposed document in and send the stipulation back.

Please let me know early in the day so I can prepare an application for approval of the stipulation and leave to handle the matters at hand. Please return the executed stipulation by email. The application will merely state the parties have met and conferred and the circumstance surrounding the request. I have provided you with a word version of the proposed stipulation so modifications can be made.

Again, I would prefer not to make this a contested matter and hope we can swiftly agree so I can focus on this circumstance.

Thank you,

Nina Ringgold

0005

Subj:    **Fwd: Proposed Stipulation in BofA v. Azam 12-cv-1732**
Date:    5/19/2014 12:58:45 P.M. Pacific Daylight Time
From:    Nrringgold@aol.com
To:    david.piper@kyl.com

See attached sent to Bryan Gless.

---

From: Nrringgold@aol.com
To: bryan.gless@kyl.com, jeffrey.rasmussen@akerman.com
Sent: 5/19/2014 7:22:07 A.M. Pacific Daylight Time
Subj: Proposed Stipulation in BofA v. Azam 12-cv-1732

Dear Counsel:

This email is to request your cooperation in briefly modifying the hearing date on the pending motions now set for June 6, 2014.  My mother is having a serious medical problem and potentially could lose her vision.  We have been urgently seeing physicians to avoid surgery.  I would like a brief continuance by modifying the date from June 6, 2014 to June 27, 2014.  This is a short extension and I hope you will graciously agree.

This was not expected and causing great concern.  I have attached a proposed stipulation.  The stipulation indicates that counsel prefer the June 27, 2014 date but ask the court for the next available date.  I could possibly work with June 20, 2014 but currently believe the June 27, 2014 date is the best.  If you confer and believe a different date after June 6, 2014 is more suitable, please let me know.  My fridays at 2:30 p.m. fairly look good.  If you select a different date, just modified the proposed document in and send the stipulation back.

Please let me know early in the day so I can prepare an application for approval of the stipulation and leave to handle the matters at hand.  Please return the executed stipulation by email.  The application will merely state the parties have met and conferred and the circumstance surrounding the request.  I have provided you with a word version of the proposed stipulation so modifications can be made.

Again, I would prefer not to make this a contested matter and hope we can swiftly agree so I can focus on this circumstance.

Thank you,

Nina Ringgold

0006

Subj:   **Ex Parte Notification, Azam v. Bank of America et al 8:12-cv-01732-JLS-MLS**
Date:   5/19/2014 1:26:13 P.M. Pacific Daylight Time
From:   CLopez9999@aol.com
To:     bryan.gless@kyl.com, jeffrey.rasmussen@akerman.com, david.piper@kyl.com, maria-nicolle.beringer@akerman.com

NOTICE IS HEREBY GIVEN TO ALL COUNSEL IN THE ABOVE REFERENCED CASE

   Plaintiff Nazie Azam shall file  an ex parte application on May 19, 2014 for modification of the hearing dates for the motions filed by Bank of America, National Association; Bank of America National Association as Trustee, as successor by merger to LaSalle Trustee, as successor by merger to LaSalle Bank National Association as Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR Trust; or any other entity or person which has a motion set on the court's calendar for June 6, 2014.  Plaintiff will be seeking that the motions be continued to  June 27, 2014 or the next available date to the court.  Counsel for the plaintiff has circulated a stipulation and requested the position of counsel.

Please advise if you will be opposing the ex parte application and any position you may have so that it may be reported to the court.  Any opposition or notice of non-opposition must be filed no later than twenty four (24) hours (or one court day) following service.

0007

Subj:    **Undelivered Mail Returned to Sender**
Date:    5/19/2014 1:26:15 P.M. Pacific Daylight Time
From:   MAILER-DAEMON@AOL.com
To:      CLopez9999@aol.com

*** ATTENTION ***

Your e-mail is being returned to you because there was a problem with its delivery. The reason your mail is being returned to you is listed in the section labeled: "----- The delivery status notification errors -----".

The line beginning with "Diagnostic-Code:" describes the specific reason your e-mail could not be delivered.  The following lines contains the RFC822 header of the original email message.

Please direct further questions regarding this message to your e-mail administrator.

--AOL Postmaster

----- The delivery status notification errors -----


<maria-nicolle.beringer@akerman.com>: host
   mxa-00180801.gslb.pphosted.com[67.231.157.24] said: 550 5.1.1 User Unknown
   (in reply to RCPT TO command)


Final-Recipient: rfc822; maria-nicolle.beringer@akerman.com
Original-Recipient: rfc822;maria-nicolle.beringer@akerman.com
Action: failed
Status: 5.1.1
Remote-MTA: dns; mxa-00180801.gslb.pphosted.com
Diagnostic-Code: smtp; 550 5.1.1 User Unknown


Return-Path: <CLopez9999@aol.com>
Received: from mtaomg-mac02.mx.aol.com (mtaomg-mac02.mx.aol.com [172.26.222.208])
   by omr-m02.mx.aol.com (Outbound Mail Relay) with ESMTP id 5D9C0702663A6;
   Mon, 19 May 2014 16:26:13 -0400 (EDT)
Received: from core-dlb003c.r1000.mail.aol.com (core-dlb003.r1000.mail.aol.com [172.29.180.201])
   by mtaomg-mac02.mx.aol.com (OMAG/Core Interface) with ESMTP id 36FD038000085;
   Mon, 19 May 2014 16:26:13 -0400 (EDT)
From: CLopez9999@aol.com
Full-name: CLopez9999
Message-ID: <16cc9.84cac26.40abc2e4@aol.com>
Date: Mon, 19 May 2014 16:26:13 -0400 (EDT)
Subject: Ex Parte Notification, Azam v. Bank of America et al 8:12-cv-01732-JLS-MLS
To: bryan.gless@kyl.com, jeffrey.rasmussen@akerman.com, david.piper@kyl.com,
   maria-nicolle.beringer@akerman.com
MIME-Version: 1.0
Content-Type: multipart/alternative; boundary="part1_16cc9.84cac26.40abc2e4_boundary"
X-Mailer: AOL 9.6 sub 168
X-Originating-IP: [76.94.47.146]
x-aol-global-disposition: G
DKIM-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed; d=mx.aol.com;
   s=20121107; t=1400531173;
   bh=vh6pCLTgphgGCmKXxQC5xdiKsn1C5Om6zA4eaqLNaaM=;
   h=From:To:Subject:Message-ID:Date:MIME-Version:Content-Type;
   b=ArPWiqLyB1JN1D0t6oxAOtYn8aEMtKlki9IxYOZaqFwK4eY56RxUUtszYzbRanahK
   q0Vnj+IkaClD8PfKAXYqpY9h8shWeUaJp2vt40VzRFywhOr+sKOSUSzzMiUEPLnKDH
   27AS0Zwtrn7YK/f/n7+pvCP3OfZ95k1sIBYr5ZFl=
x-aol-sid: 3039ac1aded0537a68e53863

0008

**Certificate of Service**

I hereby certify that on May 19, 2014, I electronically filed the following documents with the Clerk of Court by using CM/ECF system:

**PLAINTIFF'S EX PARTE APPLICATION FOR MODIFICATION OF HEARING DATES;
DECLARATION OF NINA RINGGOLD**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and this declaration was executed on May 19, 2014 at Los Angeles, California.

s/  Matthew Melaragno

6