O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 12-1732-JLS (MLGx)            Date: June 19, 2014

Title: NAZIE AZAM V. BANK OF AMERICA, N.A., ET AL.

---

PRESENT:    THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING MOTION TO DISQUALIFY [63]**

      Plaintiff Nazie Azam ("Azam") moves to disqualify Judge Josephine L. Staton in the matter of *Nazie Azam v. Bank of America, Nat'l Ass'n et al.*, 8:12-cv-01732-JLS (MLG). Azam moves for recusal under 28 U.S.C. § 455, 28 U.S.C. § 47, and the Fourteenth Amendment to the U.S. Constitution. *See* Mot. at 15-19. The Court finds this matter appropriate for determination without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers and the entirety of the record, the Court DENIES Azam's motion.

     **I.**     **Background**

      The Court provides this background to outline the general allegations underlying Azam's arguments. Azam has provided a voluminous record and the allegations in the related cases are lengthy. To the extent that specific arguments are not discussed in more detail, the Court found such discussion unnecessary.

      The complaint in the underlying case alleges a series of claims against Bank of America that challenge the ownership of, foreclosure of, and unlawful detainer action related to Azam's real property. *See* Compl. (Dkt 1) ¶¶ 30-64. The complaint brings

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-1732-JLS (MLGx)                     Date: June 19, 2014
                                                     Page 2

seventeen causes of action.  *See id*. at 23-38.  Azam filed an initial ex parte application for a temporary restraining order on October 9, 2012 (Dkt. 3).  Judge Staton denied the application on October 11, 2012 (Dkt. 10).  The Ninth Circuit affirmed in an unpublished memorandum that became final on December 16, 2013.  *See* Mandate (Dkt. 47).

Azam now moves to disqualify Judge Staton.  The claimed basis for disqualification is Judge Staton's previous service as a judge on the Superior Court of Orange County.  The motion claims that Superior Court judges in Orange County receive supplemental compensation from the county, which Judge Staton has received and may continue to receive.  This allegedly gives Judge Staton a financial interest in another case that Plaintiff's counsel filed in which Azam is a member of the putative class.  The case is *Law Offices of Nina Ringgold and All Current Clients Thereof v. Jerry Brown et al.*, 12-cv-717 (E.D. Cal.).  Azam refers to this as the "VRA Case."

Azam describes the VRA Case as "a class action complaint to challenge an unconstitutional condition in the state court which necessarily mandated a forfeiture of federal rights pertaining [to] racial equality."  Mot. at 4.  The VRA Case arises out of a California Court of Appeals decision holding that county-provided insurance and 401(k) benefits for state judges violated the California Constitution.  *See Sturgeon v. Cnty. of Los Angeles*, 167 Cal. App. 4th 630, 644 (2008).  The Court of Appeals held that the benefits were "compensation," which only the legislature could prescribe, and so any county payment of "compensation" was an impermissible delegation of legislative power.  *Id*. at 657.  Azam, and the VRA Case Complaint, claim that this decision renders incapacitated all Superior Court judges who received such payments because the California Constitution prohibits judges from "public employment or public office," and provides that "[a]cceptance of the public office is a resignation from the office of judge."  *See* Cal. Const. art. VI § 17.  Azam seems to posit that the *Sturgeon* court's holding could mean that some Superior Court judges may be forced to resign based on the county benefits.  The real heart of the VRA Case, however, seems to be that lawsuits heard by those judges are void because the parties were not informed of this unconstitutional judicial arrangement.

The VRA Case also hinges on a related piece of California legislation.  On February 20, 2009, the California legislature passed Section 5 of Senate Bill X2 11 ("SBX2 11"), which provided that "no governmental entity, or officer or employee of a governmental entity, shall incur any liability . . . because of benefits provided to a judge under the official action of a governmental entity . . . on the ground that those benefits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-1732-JLS (MLGx)            Date: June 19, 2014
                                                                                                                                 Page 3

---

were not authorized by law." *See* VRA Case Compl, Ex. 4. Azam and the other VRA Case plaintiffs appear to argue that SBX2 11 is an "unconstitutional retroactive immunity provision" that unlawfully keeps Superior Court judges on the bench in violation of the California Constitution. *See* Mot. at 7.

     Azam and the VRA Case plaintiffs further argue that because all of the Los Angeles and Orange County Superior Court judges are sitting unconstitutionally, litigants have a right under the California Constitution to disclosure of the unconstitutional nature of the proceedings and must give consent. *See* Mot. at 7 (quoting Cal. Const. art. VI §§ 17, 21). Azam and the VRA Case plaintiffs appear to further argue that any proceedings in which there was no disclosure or consent are somehow affected or void, including Azam's unlawful detainer.

     Although Azam's recusal arguments are somewhat befuddling to the Court, it appears that they are related to some degree with the VRA Case and Judge Staton's prior role as a Superior Court judge.

    **II.**   **Discussion**

        a.  28 U.S.C. § 455(a)

           i.  Legal Standard

     Under 28 U.S.C. § 455(a), "recusal is required if . . . [the judge's] 'impartiality might reasonably be questioned.'" *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 916 (2004). The fact that a judge made rulings adverse to a party, standing alone, is not a basis for disqualification under Section 455. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1581 (9th Cir. 1989).

     The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (per curiam) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)) (internal quotation marks omitted). Impermissible "personal bias" is generally a bias derived from extra-judicial origins, as opposed to an opinion formed during the course of litigation. *Craven v. United States*, 22

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-1732-JLS (MLGx)                        Date: June 19, 2014
                                                        Page 4

F.2d 605, 607 (1st Cir. 1927); *accord United States v. Carigan*, 600 F.2d 762, 763-64 (9th Cir. 1979).

Indeed, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). More specifically, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* (noting that "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish bias, nor do "ordinary efforts at courtroom administration").

ii. Analysis

The basis for Azam's recusal motion are a bit unclear, but they appear to cover roughly the following:

(1) even though Judge Staton is "aware of the VRA Case and its relationship to this case," all of Azam's cases have been referred to Judge Staton;

(2) Judge Staton labeled "US Bank National Association, as Trustee, successor in interest to Bank of America National Association as Trustee, as successor by merger to LaSalle Bank National Association as Trustee for WaMu Mort" as a "real party in interest defendant" on the docket for case no. 12-cv-1732, thereby making an improper judicial determination of one of Azam's arguments;

(3) Judge Staton denied Azam's request for a TRO in the 12-cv-1732 case without a hearing, dismissed the case until the motion for reconsideration, and did not rule on a request to withdraw the reference;

(4) Judge Staton's actions in the 12-cv-1732 case show "an administrative bias predisposition";

(5) Judge Staton allowed JPMorgan to participate in the 8:12-cv-1732 case despite Azam's claim that Bank of America is not an existing entity;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-1732-JLS (MLGx)                                          Date: June 19, 2014
                                                                                                    Page 5

(6) Judge Staton allowed counsel for "US Bank National Association, as Trustee, successor in interest to Bank of America National Association as Trustee, as successor by merger to LaSalle Bank National Association as Trustee for WaMu Mort" to appear in the case even though "there is no formal appearance filed in this court approving this representation," *see* Mot. at 11;

(7) Judge Staton remanded to state court Azam's removal of the unlawful detainer based on federal rights Azam alleges cannot be enforced in state court "due to the conflict between SBX2 11 and federal law and the United States Constitution," (an issue in which Judge Staton allegedly "has a direct interest") *see* Mot. at 11, case no. 8:13-cv-633;

(8) In another case in which Azam was the plaintiff but the parties were otherwise unrelated to any other case before Judge Staton, Judge Staton caused the cases to be related such that the new case is now before her, *see* case no. 8:14-cv-226;

(9) Judge Staton denied a motion for withdrawal of the bankruptcy reference in case no. 8:13-cv-1354, which involved an adversary proceeding raising the same SBX2 11 arguments against Azam's unlawful detainer; and

(10) when the Ninth Circuit returned jurisdiction to the Bankruptcy Appellate Panel to decide an appeal from a denial of a motion to reinstate Azam's bankruptcy, *see* case no. 8:14-0074, the district court opened a new case before the mandate issued and then closed that case as "clerical error."

In her analysis, Azam distills these allegations into two broad arguments for disqualification under § 455. The first is premised on Judge Staton's alleged personal or financial interest in the outcome of Azam's claims regarding the impact of *Sturgeon* and SBX2 11 on Superior Court judges, disclosure, and consent. Specifically, Azam argues that Judge Staton has "personal knowledge of disputed evidentiary facts relating to" the proceedings before her, has a financial or general interest in Azam's challenges based on the failure to disclose to state court parties the alleged constitutional problems and to gain their consent, and similarly has general and financial interest in the outcome of these legal issues because they may impact both former and current state court judges like Judge Staton. *See* Mot. at 15-16. Azam further alleges that Judge Staton has an "unfavorable predisposition and view about" those people challenging SBX2 11 "who publically state they shall seek a special judicial election under the voting rights act and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-1732-JLS (MLGx)                                       Date: June 19, 2014
                                                                                           Page 6

challenge the public employment (which Judge Staton previously accepted) as unconstitutional." Mot. at 16-17.

The instant case raises none of the questions regarding SBX2 11 and the other claims made in the VRA Case complaint. This Complaint only brings claims premised on the unlawful detainer, and does not allege any of the VRA Case's arguments. *See generally* Compl. In fact, Judge Staton has never been in a position to rule on Azam's arguments on SBX2 11. Azam referenced these arguments in attempting to remove her unlawful detainer, as in case no. 13-633, but the question before Judge Staton was not the merits of the argument, but rather a procedural question of whether the questions conferred federal removal jurisdiction. *See* 8:13-633 Order Remanding Case (Dkt. 15). Similarly, although Azam included similar allegations in her motion to withdraw the reference in 13-cv-1354, these allegations were entirely tangential to resolution of the motion. *See* 8:13-1354 Order Denying Motion to Withdraw Reference (Dkt. 28). Rather, Judge Staton's determinations included that Azam consented to the Bankruptcy Court's jurisdiction over her adversary proceeding and that Azam's motion was untimely. *See id.*

Therefore, even if the Court were to credit Azam's allegations and to presume that Judge Staton had some form of "interest" in the determination of the VRA Case allegations, there is no actual connection between those allegations and any of the cases Judge Staton has resolved. Nor is there any connection to the instant case. The Court is highly skeptical of Azam's claims that Judge Staton has any tangible interest in the outcome of the VRA Case issues, and even less convinced that any such interest would mandate disqualification. However, it is not necessary to determine that issue in order to resolve this motion because those claims are not before Judge Staton in this case. Based on the foregoing, the Court finds that "a reasonable person with knowledge of all the facts" would not conclude that Judge Staton's impartiality might reasonably be questioned. *United States v. Hernandez*, 109 F.3d at 1453-54.

The second general basis Azam uses to support her disqualification argument is bias demonstrated by Judge Staton's actions in Azam's assorted cases up to this point. Azam describes this bias as follows:

> It is [Judge Staton's] predisposition (whether or not intended), demonstrated bias (including in advance indicating on the docket that U.S. Bank as an institutional trustee is a real party defendant), references to "other litigation" (inferring the challenges to section 5 of SBX2 11), and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-1732-JLS (MLGx)　　　　　　　　　　Date: June 19, 2014
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 7

> repeated determinations (and administrative process engaged) without allowing plaintiff to be heard or to impact the issues in the case which develops a pattern of pervasive bias which is of concern.

Mot. at 17.

This rough category of actions suggesting bias appears to encompass the administrative actions and rulings Judge Staton has taken and made in Azam's lawsuits before her. All of these allegations address "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings," and so require a showing of "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Azam cannot meet this high standard. Judge Staton's actions, largely mundane acts associated with case management and motion work, do not show even a low level of dislike or animosity. Certainly they do not approach deep-seated favoritism or antagonism. This does not provide a basis for disqualification.

      b. 28 U.S.C. § 47

         i. Legal Standard

The language of 28 U.S.C. § 47 provides: "No judge shall hear or determine an appeal from the decision of a case or issue tried by him." 28 U.S.C. § 47. "It is important to a litigant and to the fairness and public reputation of judicial proceedings that review of a case be conducted by 'a judge other than the judge who presided over the case at trial.'" *Weddington v. Zatecky*, 721 F.3d 456, 461 (7th Cir. 2013) (quoting *Clemmons v. Wolfe,* 377 F.3d 322, 325 (3d Cir. 2004)).

         ii. Discussion

Azam argues that "Judge Staton cannot determine the general civil actions (in which Azam's defenses to claims of defendants is based on bankruptcy matters) and sit as the court of review in the bankruptcy proceedings." *See* Mot. at 17. The argument appears to be that Judge Staton violates 28 U.S.C. § 47 if she determines similar or identical issues in both direct civil litigation and as the appellate court for a bankruptcy action. This mistakes the true purpose of § 47, however. In determining civil issues both in review of a bankruptcy appeal or an action brought directly to the district court, a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 12-1732-JLS (MLGx) | Date: June 19, 2014 |
| | Page 8 |

judge does not act as the reviewing court of its own work. *See Swann v. Charlotte-Mecklenburg Bd. of Ed.*, 431 F.2d 135, 137 (4th Cir. 1970) ("A judge who has sat at the hearing below of a whole cause at any stage thereof is undoubtedly disqualified to sit on the circuit court of appeals at the hearing of the whole cause at the same or at any later stage."). Rather, in both situations a separate court has the power to reverse the district court's decisions. Those reviewing courts are not the district judge sitting in the case.

Judge Staton does not have the authority to affirm her own orders in either situation; she may merely have the same issues presented in different contexts. Under no circumstance would she be able to affirm her own work on appeal. Furthermore, adopting the rule that a district judge is disqualified from hearing civil cases presenting similar or identical issues to concurrent bankruptcy appeals would encourage gamesmanship by creative litigants in either position.

    c. The Fourteenth Amendment

        i. Legal Standard

"[O]nly in the most extreme of cases would disqualification" be required under the Due Process Clause of the Fourteenth Amendment. *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821 (1986). "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955). However, "most matters relating to judicial disqualification [do] not rise to a constitutional level." *FTC v. Cement Institute,* 333 U.S. 683, 702 (1948). "The Court asks not whether the judge is actually, subjectively biased, but whether the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 881 (2009).

        ii. Analysis

Azam reiterates her earlier arguments under the Due Process standard. The Court sees no basis for finding either actual bias or such a strong potential for bias that would indicate the kind of "extreme case" justifying disqualification. As discussed previously, Judge Staton has no actual interest in the outcome of this case, nor do her previous actions suggest any antagonism that would deprive Azam of a fair trial. The Court therefore finds that disqualification is not required by the Fourteenth Amendment.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-1732-JLS (MLGx)                              Date: June 19, 2014
                                                              Page 9

### III.    Disposition

In light of the foregoing, the court finds finds that disqualification is not required in this matter.  To the extent that any arguments were not specifically discussed in this Order or were discussed only generally, the Court has considered and rejected those arguments.  The motion is therefore DENIED.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                Initials of Deputy Clerk: jcb